UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FILED'09 JUL 21 16:16USDC-ORP

| | |
|---|---|
| TONI L. TOOHEY, individually, and as Personal Representative of the Heirs and the Estate of FRANK R. TOOHEY, Deceased, | |
| Plaintiff, | ORDER |
| v. | Civil No. 09-88-ST |
| CIGNA CORPORATION, CIGNA GROUP INSURANCE, LIFE INSURANCE COMPANY OF NORTH AMERICA, TRUSTEE(S) OF THE GROUP INSURANCE TRUST FOR EMPLOYERS IN THE SERVICES INDUSTRY, WYNDHAM WORLDWIDE CORPORATION, and WYNDHAM RESPORD DEVELOPMENT CORPORATION, | |
| Defendants. | |

HAGGERTY, District Judge:

Magistrate Judge Stewart referred to this court a Findings and Recommendation [37] in this matter. The Magistrate Judge recommends that defendant Life Insurance Company of North America's (LINA) Motion to Dismiss [23] be granted and that defendants Wyndham Worldwide Corporation and Wyndham Resort Development Commission's Motion to Dismiss [19] be granted. Plaintiff filed timely objections, and defendants filed timely responses. For the following reasons, this court adopts the Findings and Recommendation.

ORDER - 1

**STANDARDS**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Plaintiff brings this action to recover sums allegedly due under insurance contracts issued by LINA and purchased by the deceased, Frank R. Toohey, and his employer. Plaintiff's First Amended Complaint advances eight claims against defendants. The first seven claims are state-law claims. The eighth claim alleges violations of the Employee Retirement Income Securities Acts (ERISA), 29 USC § 1001, *et seq*. The Findings and Recommendation contains a factual summary outlining the history of this matter, and the facts will not be repeated here. The Findings and Recommendation found that the first seven claims are preempted by ERISA because they relate to an employee benefit plan and fall within the scope of ERISA's remedial framework and that they should be dismissed for failure to state a claim upon which relief can be granted. The Findings and Recommendation Concludes that the eighth claim should also be dismissed because it fails to name the proper plan administrator. Findings and Recommendation at 20.

Plaintiff objects to the Findings and Recommendation and summarily reiterates arguments presented to the Magistrate Judge. Plaintiff's filing invites this court to revisit all of plaintiff's initial arguments. This court has conducted a *de novo* review of the entire record and

ORDER - 2

has considered all arguments advanced by plaintiff. This court concludes that the Findings and Recommendation adequately addressed plaintiff's arguments and that they do not merit additional analysis here.

Plaintiff also argues that defendants' Motions to Dismiss should have been construed as motions for summary judgment because facts and evidence were presented outside of the pleadings. However, the Magistrate Judge already considered plaintiff's requests for discovery and concluded that additional discovery could not save plaintiff's First Amended Complaint. Findings and Recommendation at 15-17. This court also notes that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings, maybe considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of SantaClara,* 307 F.3d 1119 (9th Cir. 2002). The consideration of such documents does not convert a motion to dismiss into a motion for summary judgment. *Id.* (citation and quotation omitted).

Lastly, plaintiff argues that the proper plan administrator was named as a defendant in the eighth claim for relief. However, the record establishes that the plan administrator is the Wyndham Worldwide Corporation Employee Benefits Committee (WWCEBC) and that plaintiff failed to name WWCEBC in the eighth claim for relief.

This court's de novo review of the record compels adoption of the Findings and Recommendation in its entirety. Defendants' Motions to Dismiss are granted and plaintiff's First Amended Complaint is dismissed with leave to refile and assert proper claims against the proper parties.

**CONCLUSION**

For the foregoing reasons, the court adopts the Findings and Recommendation [37]. Defendants' Motions to Dismiss [19 and 23] are GRANTED and plaintiff's First Amended Complaint [16] is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 21 day of July, 2009.

                                                              Ancer L. Haggerty
                                                          United States District Judge